IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:22-cv-5770 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHEILA CLOONAN, EMERALD INC., ) | |
| BMO HARRIS BANK N.A. AS ) | |
| SUCCESSOR IN INTEREST TO ) | |
| VILLA PARK TRUST & SAVINGS BANK, ) | |
| and COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Sheila Cloonan and (2) enforce the federal tax liens against certain real property belonging to her. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Sheila Cloonan resides in Cook County, Illinois, within the jurisdiction of this Court.

3. The defendant Emerald Inc. is named as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property described below.

4. The defendant BMO Harris Bank N.A., as successor in interest to Villa Park Trust & Savings Bank, is named as a party to this action as required by 26 U.S.C. § 7403(b) because it may have a lien or claim an interest in the property described below.

5. The defendant Cook County, Illinois, is named as a party to this action as required by 26 U.S.C. § 7403(b) because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

6. The real property upon which the United States seeks to enforce its tax liens (the "Real Property") is located at 229 Samoset Lane, Schaumburg, Illinois 60193 and has the following legal description:

> Lot 20171 in Weathersfield Unit 20, being a Subdivision in the South 1/2 of Section 21, Township 41 North, Range 10, East of the Third Principal Meridian, according to the Plat thereof registered in the Office of the Registrar of Titles of Cook County, Illinois on January 7, 1974 as Document Number 2734539, in Cook County, Illinois.

Meaning to describe the property conveyed to Sheila Cloonan by warranty deed of Kevin R. McArdle and Diane McArdle, husband and wife, dated April 8, 2004, and recorded April 21, 2004, with the Cook County Recorder of Deeds as document number 0411240272. Being the same property that was sold at judicial sale and then re-conveyed to Sheila Cloonan by quitclaim deed of BMO Harris Bank N.A., as successor in interest to Villa Park Trust & Savings Bank, dated September 6, 2013, and recorded October 15, 2013, with the Cook County Record of Deeds as document number 1328810070.

7. Defendant BMO Harris Bank N.A., as successor in interest to Villa Park Trust & Savings Bank, is the current mortgagee on the current mortgage on the Real Property, and Defendant Sheila Cloonan is the borrower/mortgagor on the current mortgage.

## COUNT ONE
**(Claim Against Sheila Cloonan to Reduce Income Tax Liabilities to Judgment)**

8. A delegate of the Secretary of the Treasury made assessments against Sheila Cloonan for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of October 14, 2022, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying abatements, payments, and credits, as follows:

| Tax Period | Assessment Date | Assessment Type | Amount Assessed | Account Balance Plus Accruals as of October 14, 2022 |
|---|---|---|---|---|
| 12/31/2008 | 10/22/2012 | Tax | $48,928.00 | $119,526.31 |
| 12/31/2009 | 10/22/2012 | Tax | $12,906.00 | $29,299.17 |
| 12/31/2014 | 09/28/2015 | Tax | $5,652.00 | $6,408.16 |
| 12/31/2015 | 06/06/2016 | Tax | $6,782.00 | $1,786.79 |
| 12/31/2018 | 08/17/2020 | Tax | $10,331.00 | $10,110.86 |
| 12/31/2019 | 08/17/2020 | Tax | $6,764.00 | $5,924.67 |
| 12/31/2020 | 07/05/2021 | Tax | $9,654.00 | $9,586.59 |
| Total | | | | $182,642.55 |

9. Notice of the liabilities described in paragraph 8 was given to, and payment demanded from, Sheila Cloonan.

10. Despite proper notice and demand, Sheila Cloonan failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, she remains liable to the United States in the amount of $182,642.55, plus statutory additions and interest accruing from and after October 14, 2022.

### COUNT TWO
### (Claim Against All Parties to Enforce Federal Tax Liens Against Real Property)

11. The United States incorporates by reference paragraphs 8 through 10 as if specifically realleged herein.

12. Sheila Cloonan obtained title to the Real Property by deed dated April 8, 2004.

13. Following judicial sale, Sheila Cloonan re-obtained title to the Real Property by deed dated September 6, 2013.

14. Sheila Cloonan informed the IRS that the Real Property was purportedly sold to her employer Emerald Inc., on or about August 22, 2018, with the primary purpose to demolish and rebuild the residential home on the Real Property.

15. Sheila Cloonan further informed the IRS that after the demolition of the house that was on the Real Property she was unable to close on the sale of the Real Property to Emerald Inc. because of the federal tax liens attached to the Real Property.

16. There is no deed or other instrument recorded with the Cook County Recorder of Deeds regarding the purported sale of the Real Property by Sheila Cloonan to Emerald Inc.

17. On information and belief, Sheila Cloonan resides at the house that was rebuilt on the Real Property and remains the sole title holder to the Real Property.

18. Because Sheila Cloonan neglected, refused, or failed to pay the liabilities described in paragraph 8 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Real Property.

19. Notices of Federal Tax Lien ("NFTL") were filed with the County Recorder of Cook County, Illinois, in accordance with 26 U.S.C. § 6323(f) as follows:

| Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| Income | 12/31/2008; 12/31/2009 | 12/04/2012; 1/27/2022 (refiled) |
| Income | 12/31/2014 | 07/28/2016 |
| Income | 12/31/2015; 12/31/2018; 12/31/2019 | 01/22/2021 |
| Income | 12/31/2020 | 08/24/2021 |

20. The United States is entitled to enforce the federal tax liens described in paragraph 19 against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to Cook County, Illinois, to pay any real estate taxes due and owing that are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff, United States of America, requests the following relief:

A. Judgment against the defendant Sheila Cloonan for income tax liabilities for the periods ending December 31, 2008, December 31, 2009, December 31, 2014, December 31, 2015, December 31, 2018, December 31, 2019, and December 31, 2020, in the amount of $182,642.55, plus statutory additions and interest accruing from and after October 14, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

      B.      A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Real Property;

      C.      An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; second, to the defendant Cook County, Illinois, to pay any real estate taxes due and owing that are entitled to priority under 26 U.S.C. § 6323(b)(6); third to the plaintiff United States to pay the liabilities described in paragraph A, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

      D.      The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Curtis C. Paul*
CURTIS C. PAUL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-892-0241 (v)
202-514-5238 (f)
Curtis.Paul@usdoj.gov

Local Counsel:

John R. Lausch, Jr.
United States Attorney